UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE GOODHALL,<br><br>              Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>              Defendant. | Case No. EDCV 12-01525-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS |

**PROCEEDINGS**

On September 12, 2012, Marlene Goodhall ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on December 27, 2012. On May 31, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this case remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff is a 58-year-old female who applied for Social Security Disability Insurance benefits on January 16, 2010, and Supplemental Security Income benefits on February 4, 2010. (AR 13.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since March 9, 2006, the alleged onset date of her disability.  (AR 15.)

Plaintiff's claims were denied initially on July 14, 2010, and on reconsideration on August 9, 2010.  (AR 13.)  Plaintiff then sought review and on June 15, 2011, the matter proceeded to a hearing before Administrative Law Judge ("ALJ") Milan D. Dostal in Orange, California.  (AR 13-21.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 13.)  Vocational expert ("VE") Luis Mas also appeared and testified at the hearing.  (AR 13.)

The ALJ issued an unfavorable decision on July 11, 2011.  (AR 13-21.)  The Appeals Council denied review on July 9, 2012.  (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly determined Plaintiff could perform the past relevant work.

2. Whether the ALJ properly rejected Plaintiff's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine

whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since March 9, 2006, the alleged onset date. (AR 15.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: loss of articular cartilage most prominent in the medial compartment, degenerative changes in the tibial spine and osteophytosis, consistent with

4

degenerative osteoarthritis of the right knee; status post right knee partial lateral meniscectomy, chondroplasty of medial and lateral femoral condyle, and trochlea due to meniscus tear and chondral wear; mild lumbar degenerative disc disease; and asthma. (AR 15.)

At step three, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 16.)

The ALJ then found that Plaintiff has the RFC to perform light work with the following limitations:

> Claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit, stand and walk each for up to six hours in an eight-hour workday but would require a sit/stand option at will; occasionally climb, balance, stoop, kneel, crouch and crawl but no climbing ropes, ladders or scaffolds; and should avoid working around excessive amounts of gases, fumes and dusts due to her asthma. Claimant has pain in the back and right knee, with history of surgery to her right knee and osteoarthritis. The pain level would be of a moderate nature and would have a moderate affect [sic] on her ability to perform basic work activities, however, this condition is or can be controlled by appropriate medications without significant adverse side effects. She also has miscellaneous impairments of obesity and hearing problem of a slight nature and would have a slight affect [sic] on her ability to perform basic work activities and these conditions are or can be controlled by appropriate medications/treatment without significant adverse side effects.

(AR 16-17.) In determining the RFC, the ALJ made an adverse credibility determination. (AR 17-20.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a call center worker and retail clerk. (AR 20-21.)

Consequently, the ALJ determined that Claimant is not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the ALJ's decision. (AR 21.)

## DISCUSSION

The ALJ decision must be reversed. The ALJ erred in determining the Claimant can perform her past relevant work ("PRW"). The ALJ's non-disability determination is not supported by substantial evidence nor free of legal error.

At step four of the sequential process, the ALJ determined that Plaintiff could perform her PRW as a call center worker and retail clerk, both as actually and generally performed. (AR 20-21.) The Commissioner concedes that the ALJ's finding as to the retail worker was in error.

As for the call center operator, the ALJ determined at step one of the sequential process that Plaintiff's earnings as a call center worker did not rise to the level of substantial gainful activity ("SGA"). (AR 15.) Social Security regulations define PRW as "work that you have done within the past 15 years, that was <u>substantial gainful activity</u> and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1) (emphasis added). Thus, Plaintiff's call center work does not qualify as PRW. Plaintiff does not have any burden to prove that she is unable to perform work that does not constitute PRW. The ALJ should have proceeded to step five of the sequential process. Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001) ("If a claimant . . . did not do past relevant work, then the ALJ moves to step five").

The Commissioner argues that under the Regulations earnings are not necessarily determinative of SGA. Although earnings are the "primary" consideration in evaluating SGA, the fact that the earnings are not substantial "will not necessarily show that you are not able to do substantial gainful activity." 20 C.F.R. § 404.1574(a)(1); see Lewis, 236 F.3d at 515 ("Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity."). In Lewis, the claimant had low earnings which raised a presumption that he did not engage in substantial gainful activity, a presumption the ALJ unsuccessfully tried to rebut. Id. at 515-16.

The problem with the Commissioner's argument is that, unlike Lewis where the ALJ made a finding, subsequently reversed, that the claimant's work was SGA, here the ALJ made an explicit finding that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of March 9, 2006.  The Commissioner's argument speaks to what the ALJ potentially could have done if he had determined that Plaintiff's work as a call center operation was SGA, but the ALJ made a finding that the call center work was not SGA.  The ALJ could have looked at more than earnings and concluded that Plaintiff's call center job was SGA notwithstanding low earnings, but he did not do so; he did just the opposite, finding the job was not SGA.

The same analysis applies to the Commissioner's argument that Plaintiff's call center work was SGA because under the Regulations SGA means work that (a) involves doing significant and productive physical or mental duties, and done for profit.  20 C.F.R. § 404.1510.  The Commissioner notes that Plaintiff testified at the hearing she had no trouble learning the job and had looked for work in a call center.  (AR 30.)  The Commissioner argues Plaintiff does not contend she stopped performing the job because of her impairments.  Thus, says the Commissioner, substantial evidence supports the ALJ's determination that the call center job "qualifies as past relevant work." (JS 12.)

The Commissioner's argument fails on several levels.  Again, the Commissioner focuses on what the ALJ could have done in evaluating whether the call center job qualified as SGA and as PRW, but alas never did because he found no SGA.  Some of the evidence cited by the Commissioner, moreover, is not mentioned in the ALJ's decision and cannot be considered here.  Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).  ("We are constrained to review the reasons the ALJ asserts").  Nor is it quite true that the ALJ made a determination that the call center job qualifies as PRW.  More precisely, the ALJ made a finding that Plaintiff could perform her PRW (AR 20-21), but there was no analysis or citation of evidence or finding that Plaintiff's job was SGA notwithstanding her low earnings.  The ALJ did ask the VE if Plaintiff could perform her PRW and the VE answered yes (AR 43-45), which is the only evidence cited in the ALJ decision to support the step four finding that Plaintiff could perform her PRW.  (AR 20-21.)  The ALJ's step four PRW finding, however, is inconsistent with the step one finding that

Plaintiff's call center job was not SGA and with 20 C.F.R. § 404.1560(b)(1). Without a finding that the call center job was SGA, the VE's testimony and the ALJ's finding that Plaintiff could perform it lack any point.

Fundamentally, the Commissioner has cited no case or regulation providing that, where there has been a step one finding of no SGA, the ALJ nonetheless may determine at step four that a claimant can perform PRW. The ALJ should have proceeded to step five. The failure to do so was error.[1]

The ALJ's non-disability determination is not supported by substantial evidence nor free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: July 9, 2013  /s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

---

[1] In view of the Court's ruling, there is no need or point to address Plaintiff's contention that the ALJ improperly discounted Plaintiff's credibility. The issue is preserved.